{¶ 57} Defendant-Appellant Musgrove argues in his first assignment of error that the trial court abused the discretion conferred on it by Evid.R. 106, because the excerpts of his phone conversation with the victim that the State placed in evidence "were taken *Page 18 
completely out of context, to the detriment of Appellant." (Brief, p. 4)
 {¶ 58} I agree that if those excerpts were taken out of context, any additional excerpts Musgrove asked to proffer should have been admitted if they "ought in fairness to be considered contemporaneously with" the excerpts the State offered. Evid.R. 106. However, Musgrove fails to explain how fairness would be served in doing so, or how the excerpts he asked to proffer would have put the State's evidence in a context that would work to his benefit. It's not our job to figure out how that might occur.
 {¶ 59} I agree that the excerpts Musgrove asked to proffer would not be barred by the rule against hearsay, Evid.R. 802, if they fit the definition of non-hearsay in Evid.R. 801(D)(1)(b): prior statements of a witness used to rehabilitate the witness's testimony where such statements are consistent with the trial testimony of the witness. That could apply to the statements of either of the two declarants in those phone conversations, Defendant Musgrove or the victim, Tina Pauer. However, neither had testified at trial when Musgrove asked to proffer the evidence, so Evid.R. 801(D)(1)(b) could not apply, even though Tina had previously changed her story and the State intended to rebut her testimony at trial with other evidence. That such evidence subsequently was offered is irrelevant to whether the court abused its discretion when it denied Defendant's request to proffer the additional excerpts in order to rebut that evidence.
 {¶ 60} I would overrule the first assignment of error for those reasons. *Page 1